MATHIAS, Judge,
concurring.
[39] I fully concur in the majority’s holding that Cupello exercised reasonable force under Indiana Code section 35-41-3- *1133 2(i)(2) to prevent or terminate Constable Webb’s unlawful entry into Cupello’s home.
[40] I find it especially disturbing that Constable Webb freely admitted that it was his “standard practice” to place his foot just inside the threshold of the door when talking to someone, to “to keep them from slamming the door in [his] face.” Tr. p. 15. As the majority notes, without a warrant, this is an unconstitutional entry into the home, see Middleton, 714 N.E.2d at 1101, and arguably criminal residential entry, see Williams, 873 N.E.2d at 148, I.C. § 35-43-2-1.5. However rude it might be to do so, a private citizen has a right to close his or her door on any unwelcome visitor, including a police officer, unless the officer has a warrant.
[41] I also concur with the majority’s conclusion that, under the particular facts and circumstances of this case, the trial court, as the trier of fact, could reasonably conclude that Constable Webb was engaged in the execution of his official duties.
[42] However, despite my concurrence with this conclusion, I would note that confrontations such as the one that occurred in this case — where a citizen encounters an off-duty law enforcement officer working in the private sector but acting in • his official capacity — are fraught with ambiguity and room for misunderstanding. See generally Patricia Kubovsak Golla, Annotation, Performance of Public Duty by Off-Duty Police Officer Acting as Private Security Guard, 65 A.L.R.5th 623 (1999).
[43] For the benefit of both law enforcement officers and citizens, the General Assembly should consider clarifying what easily visible and audible indicia are required to place a citizen on notice that he is dealing with an off-duty law enforcement officer who is, nevertheless, acting in his official, and not his private, capacity, as the legislature has already done in Indiana Code section 35-44.1-3-l(a)(3) (resisting law enforcement officers) and section 9-30-2-2 (when a law enforcement officer may make a traffic stop and issue citations). Such indicia might include wearing a standardized vest or uniform and/or displaying a badge and audibly notifying the citizen of his public authority.
[44] Likewise, the General Assembly should consider the clearly intended and confusing appearance of private security personnel dressed in uniforms of the same color, and with identification patches that are the nearly the same, as those worn by sworn officers, as it has done with its strict limitation of blue and red emergency lighting on private vehicles. See Ind.Code § 9-21-7-10 (providing that a person in a non-emergency vehicle may not operate a vehicle with a lamp that displays a red, red and white, or red and blue signal). One need only drive in downtown Indianapolis during the afternoon rush hour to witness such private security personnel routinely stopping traffic with the legal right of way on busy public streets and highways for the benefit of private parking facility owners. These persons do this without any apparent statutory authority,[13] and per *1134 haps even commit an infraction when they do so.[14]
[45] Without such careful consideration and differentiation by the General Assembly, Hoosiers have a right to wonder precisely who has been invested with the public authority to regulate civil society, and to resent the instances where government has apparently delegated public authority to private security for purely private purposes and gains.
[46] Subject to these additional public policy concerns, I fully concur in the majority’s decision.

. As I noted in Key v. Hamilton, 963 N.E.2d 573, 588 (Ind.Ct.App.2012), trans. denied, drivers are required to obey only the signals of certain, authorized persons, i.e., a police officer directing traffic and a flagman in a construction zone. See Ind.Code § 9-21-8-56 ("It is unlawful for a person to knowingly fail to comply with a lawful order or direction of a law enforcement officer invested by law with authority to direct, control, or regulate traffic”); Ind.Code § 9-21-8-56 (making it a criminal offense to "recklessly fail[ ] to obey a traffic control device or flagman ... in the immediate vicinity of a highway work zone when workers are present[.]”). I am unaware of any similar statutory authority concerning private security guards.

. See Ind.Code § 9-21-17-5 ("A pedestrian may not suddenly leave a curb or other place of safety and walk or run into the path of a vehicle that is so close as to constitute an immediate hazard.”); Ind.Code § 9-21-17-24 (“A person who violates this chapter commits a Class C infraction.”).